STEPHEN TREMBATH, et al.,

    Plaintiffs,

                      CASE NO. 8:09-cv-1110-T-17TGW

v.

MERITPLAN INSURANCE COMPANY,

    Defendant.

_____/

## ORDER ON MOTION TO STAY LITIGATION AND COMPEL MEDIATION

THIS CAUSE comes before the Court pursuant to Defendant, MERITPLAN INSURANCE COMPANY's, Motion to Stay Litigation and Compel Mediation (Doc. 5) filed on June 22, 2009, and Plaintiffs, Stephen and Sharon Trembath's, Response to Defendant's Motion (Doc. 6) filed on July 6, 2009. After carefully considering the motion and applicable law, the Defendant's Motion is GRANTED for the reasons set forth below.

### BACKGROUND

On or about December 31, 2007, Plaintiffs discovered damages, specifically physical damage to the walls and floors, to their property located at 8000 Victoria Way, Brooksville, Hernando County, Florida. (Doc. 2 at 2). Pursuant to the terms of the Homeowner's Policy, Plaintiffs promptly notified Defendant of the loss. *Id*. After engaging engineers to test the property, Defendant verified the existence of sinkhole activity on Plaintiffs' property and admitted that the sinkhole damages were

covered under the contract. (*Id*. at 3). A dispute arose around the time Plaintiffs provided estimates to the Defendant of the damages suffered. (*Id*. at 3-4). Consequently, on June 15, 2007, Plaintiffs filed a complaint alleging breach of contract since Defendant had failed and/or refused, and continues to refuse to pay the full damages. (*Id*. at 4). On June 22, 2007, Defendant filed a Motion to Stay Litigation and Compel Mediation arguing that a legal action is not proper unless and until the parties have attempted to resolve the disputes on their own. (Doc. 5). Plaintiffs filed their response to Defendant's motion on July 6, 2009. (Doc. 6).

## STANDARD OF REVIEW

It is well established that district courts have inherent authority to issue stays in many circumstances. See *Ortega Trujillo v. Conover & Co. Comms. Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)(citations omitted);*see also Advanced Bodycare Solutions, LLC v. Thione Intern., Inc*., 524 F.3d 1235, 1241 (11th Cir. 2009). A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court. *See, e.g., Clinton v. Jones,* 520 U.S. 681, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997) (discussing district courts' "broad discretion to stay proceedings as an incident to its power to control its own docket"). Moreover, a stay must not be immoderate as to amount to an abuse of

discretion. *See CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982).

## <u>DISCUSSION</u>

The Defendant's motion to stay litigation does not ask this Court to abuse its discretion. This Court agrees with the Defendant that the Homeowner's policy contains a provision making either party's demand for mediation a condition precedent to this matter being resolved through litigation. While the Plaintiffs argue that there is no language in the policy that makes mediation mandatory after one party demands it, this Court finds that there is language in the contract that explicitly states if one party chooses either mediation or the appraisal process the other side is required to go to that process. Moreover, there is no language that would allow the other party to oppose and demand the other process.

Some guidance can be found in that a normal reading of the contract renders an inference that either party may demand mediation or appraisal but once the first party moves and makes the demand for one of the options, the other party is obligated to meet the demand requested. Furthermore, in light of the policy favoring mediation, both parties should attempt to resolve any disputes through mediation as that is often the appropriate solution. *Thione*, 524 F.3d at 1241. In the instant case, the Defendant moved first by demanding mediation as the contract

provides, so the Plaintiffs are bound to participate pursuant to the terms of the contract.

The Plaintiffs claim mediation will cause a delay to the proceedings in this case but this Court finds that mediation can be coordinated amongst the parties swiftly, with nominal delay to the entirety of the proceedings. In addition, public policy is fostered by enforcing the mediation provision within the Homeowner's Policy, where the stay, pending mediation, will further the intent of the parties, as evidenced in the Homeowners' Policy, and foster the possibility for a settlement before the attorneys' fees and costs associated with this litigation grow to a point where the option of settling is rendered futile. Accordingly, it is:

**ORDERED** that Defendant's Motion to Stay Litigation and Compel Mediation is (Doc. 5) is **GRANTED.** This Court administratively closes this case pending mediation, pursuant to the mediation clause in the insurance contract. The parties shall submit a status report to the Court every two months starting September 17, 2009, notifying the Court of the progress of the mediation.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 16th day of July 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.